UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                               Case No. 21-20434

v.                                             Honorable Nancy G. Edmunds

GARY ROOSEVELT JONES,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [74]**

Defendant Gary Roosevelt Jones is currently in the custody of the Federal Bureau of Prisons ("BOP") at Federal Medical Center, Devens. The matter is before the Court on Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 74, sealed.) The government opposes the motion. (ECF No. 77, sealed.) Defendant has filed a reply. (ECF No. 78.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons below, the Court GRANTS Defendant's motion for compassionate release.

**I.    Background**

On July 25, 2022, Defendant pled guilty to possession of a controlled substance with intent to distribute (five grams or more of methamphetamine) in violation of 21 U.S.C. § 841(a)(1). (ECF No. 61.) On January 30, 2023, the Court sentenced Defendant to a term of imprisonment of 60 months, consistent with the statutory mandatory minimum in this case, followed by a term of supervised release of 4 years. (ECF No. 69.) Due to Defendant's medical conditions, the Court recommended that Defendant be designated to a federal medical center. Defendant, who was out on bond at the time, was allowed to

1

self-surrender. His term of imprisonment commenced on May 2, 2023. (ECF No. 77-2.) Defendant's projected release date is March 19, 2027.

Defendant is 69 years old. He has serious medical conditions, particularly end-stage renal disease as well as Type II diabetes, hypertension, an enlarged prostrate, gastrointestinal issues, degenerative disc disease, partial hearing loss, sleep apnea, bladder issues, and ongoing back issues. Defendant moves for compassionate release, requesting the opportunity to die at home with his family by his side.

## II.    Legal Standard

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting relief, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). The relevant policy statement, U.S.S.G. § 1B1.13, was recently amended and now applies to motions filed directly by defendants. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023).

2

### III. Analysis

Defendant submitted an administrative request for compassionate release to the warden at FMC Devens, and that request was denied. (ECF No. 77-3.) Thus, Defendant has satisfied the exhaustion requirement.

Defendant relies in large part on his end-stage renal disease to argue that there are extraordinary and compelling reasons for his release.[1] The applicable policy statement defines extraordinary and compelling reasons to include a situation where "[t]he defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)" and specifically provides "end-stage organ disease" as an example of a qualifying illness. *See* § 1B1.13(b)(1)(A). The government argues that the Court was aware of Defendant's serious medical conditions at the time of sentencing and that Defendant is able to provide self-care and is receiving the necessary medical care while in custody. But as Defendant notes, while the pre-sentence investigative report stated that Defendant is in kidney failure and had recently started receiving dialysis three times a week, it did not describe his disease as end-stage. (*See* ECF No. 65, sealed.) And regardless of when Defendant's kidney disease progressed to this stage, it is undisputed that he is currently facing "a serious and advanced illness with an end-of-life trajectory." *See* § 1B1.13(b)(1)(A).[2] Thus, there are extraordinary and compelling reasons warranting his release.

---

[1] Defendant also raised the issue of his susceptibility to COVID-19 in his motion but did not repeat this argument in his reply.

[2] The government argues that Defendant's medical circumstances do not meet the criteria in § 1B1.13(b)(1)(B) and (C), but it does not explicitly address whether they satisfy § 1B1.13(b)(1)(A).

3

The applicable policy statement provides that a defendant's sentence may be reduced under § 3582(c)(1)(A) only if the defendant is not a danger to the safety of others or the community. § 1B1.13(a)(2) (citing 18 U.S.C. § 3142(g)). Moreover, prior to granting compassionate release, the Court must consider the sentencing factors set forth in § 3553(a) to the extent that they are applicable. *See* § 3582(c)(1)(A). These sentencing factors are "largely duplicative" of the factors found in § 3142(g), *see United States v. Rountree*, 460 F. Supp. 3d 224, 240 (N.D.N.Y. 2020), and include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities, *see* § 3553(a).

Here, the underlying offense is serious. But Defendant's health concerns, along with his age, weigh against a finding that he poses a continued danger to society. At the time of sentencing, the Court indicated that it would, if it could, sentence Defendant to a shorter term of imprisonment due to his medical condition. And now that condition has progressed even further. Moreover, Defendant has served close to one year in custody and he has not had any disciplinary infractions. Thus, the Court finds that compassionate release is consistent with both the relevant policy statement and the § 3553(a) factors.

## IV.   Conclusion

For the reasons above, IT IS HEREBY ORDERED that Defendant's motion for compassionate release is GRANTED. The custodial portion of Defendant's sentence is reduced to time served.

IT IS FURTHER ORDERED that, upon release, Defendant shall serve the original term of supervised release of four years. The conditions of supervised release imposed in the original judgment shall remain in effect. In addition, Defendant shall serve the first year of supervised release under home detention and shall not leave his residence other than for medical appointments or other reasons approved by the Probation Department. During this one year of home detention, Defendant shall be subject to electronic location monitoring to commence as soon as the Probation Department can safely install the necessary electronic monitoring equipment.

Defendant's original sentence remains unchanged in all other respects.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 14, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager